In the Matter of the Seizure of:

2000 Jeep Cherokee Automobile
VIN No. 1J4GW58N2YC241914

## AFFIDAVIT IN SUPPORT OF A SEIZURE WARRANT

1. I, James Smith, being duly sworn, depose and say:

Your affiant has reason to believe, based upon facts obtained during the investigation conducted by your affiant and other law enforcement agents, that there is probable cause to issue a seizure warrant for one 2000 Jeep Cherokee, VIN No. 1J4GW58N2YC241914, because the vehicle was purchased with the proceeds of a bank fraud in violation of 18 U.S.C. § 1344.  In addition, the vehicle was also purchased with laundered funds in violation of 18 U.S.C. § 1956 (a)(1)(B)(1), which subjects the vehicle to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

## YOUR AFFIANT'S BACKGROUND

2. I have been a law enforcement officer for eight years. I have been employed as a U.S. Postal Inspector with the United States Postal Inspection Service since October 2003.  I was previously employed as a United States Secret Service Agent and a law enforcement officer with the Arlington County, Virginia Police Department and the Loudoun County, Virginia Sheriff's Department.  My law enforcement training and experience include the preparation, presentation and service of criminal complaints, arrest and search warrants.

3. In addition, I have received training in general law enforcement and criminal investigations to include violations involving credit card fraud, forgery and theft statutes. The information contained in this affidavit is based on my training, experience and participation in other financial investigations involving fraudulent criminal activities, as well as information gathered during the investigation from civilians, law enforcement officers and corporate security personnel.

## FACTUAL BASIS FOR SEIZURE

4. RENE IBANEZ, the suspect in this investigation, is the son of Hilda Ibanez.  The investigation revealed that IBANEZ obtained a mortgage on his mother's home without her permission.  RENE IBANEZ committed bank fraud by establishing that line of credit–using forged documents that he presented to the bank–because he did not have his mother's permission or consent to obtain that mortgage.

5. In June 2005, the Washington Division of the U.S. Postal Inspection Service initiated an investigation in response to a complaint from Chase Manhattan Mortgage Company.  On July 19, 2004, Chase approved financing for a Home Equity Line of Credit (HELOC) on a home located at xxxxxxxxxxxxxxxxxxxxxxxxxx, Washington, D.C.  Hilda Ibanez, RENE IBANEZ's mother, owned the home at the time.  IBANEZ created a fraudulent Power of Attorney, without his mother's knowledge and consent, which authorized him to open a HELOC for $65,000.00 using his mother's home as collateral.  Hilda Ibanez's signature was forged on the document by RENE

IBANEZ and notarized by an acquaintance who is a Notary Public. IBANEZ presented the forged document to Trustworthy Mortgage in Rockville, Maryland. The application for the HELOC was approved by Trustworthy Mortgage and a closing date on the loan was set for July 19, 2004. On July 19, 2004, IBANEZ signed the closing documents for his mother at Land Title, LLC in Tyson's Corner, Virginia.

6. According to Chase Manhattan investigators, $35,000.00 was wired into Hilda Ibanez's Bank of America checking account. IBANEZ purchased a 2000 Jeep Cherokee using funds from the $35,000.00 that was wired into that Bank of America checking account.

7. On January 18, 2005, Hilda Ibanez signed an ID Theft Affidavit and forwarded it to Chase Manhattan Bank. The affidavit has a section for additional comments where Ms. Ibanez stated, "My son opened a home equity loan using my personal information without my permission or authority. He has never had authority to represent me in any manner."

8. On Thursday, July 14, 2005, Postal Inspector's interviewed Rene IBANEZ, Jr. at his place of employment located at xxxxxxxxxxxxxx, Washington, D.C. IBANEZ was questioned about a HELOC he opened using his mother's home as collateral without her permission. IBANEZ stated that in May or June of 2004, he asked his mother if he could apply for a line of credit using her home located at 1723 Irving St N.W., Washington, D.C. as collateral. IBANEZ stated that his mother initially agreed to a $25,000.00 loan. IBANEZ stated that a few days after he applied for the loan his mother changed her mind and stated she no longer would allow him to take out a home equity line of credit using her home. IBANEZ stated that he decided to continue with the loan process anyway knowing it was wrong. IBANEZ stated he created a power of attorney letter for his mother, authorizing a loan amount of $65,000.00. IBANEZ stated that he forged his mother's name to the document. IBANEZ stated that on July 14, 2004, he entered the M&T Bank located at 4800 Hampden Lane Bethesda, Maryland. IBANEZ stated that he entered the branch alone and had the document notarized. Postal Inspectors interviewed the Notary Public who admitted that she notarized the document without Ms. Ibanez being present because she knew RENE IBANEZ.

9. IBANEZ stated that a few days after closing, $35,000.00 was wired into his mother's Bank of America checking account. The remaining balance of the line of credit was held in a Chase checking account. IBANEZ was asked about the funds in his mother's Bank of America checking account. IBANEZ stated that he spent the remaining $23,000.00 in that account on his personal expenses.

10. IBANEZ was asked during the interview to provide his vehicle information. He indicated that he owned a 2000 Jeep Cherokee with Washington, D.C. registration ( Tag No. CC 8815). A query of that license plate indicates that it is owned by RENE IBANEZ with an address of xxxxxxxxxxxxxx,Washington, D.C.

11. On July 18, 2005, Leila Vanessa Gibbs was interviewed by Postal Inspectors at her place of employment. Ms. Gibbs is the Branch Manager for M&T Bank located at xxxxxxxxxxxxxx Bethesda, Maryland. As part of her official duties, Ms. Gibbs is a Notary Public for the bank.

2

12. Ms. Gibbs was presented with a copy of the Power of Attorney document she notarized for IBANEZ on July 14, 2004. Ms. Gibbs recalled that on July 14, 2004, she immediately recognized IBANEZ when he entered the M&T Branch in Bethesda. Ms. Gibbs grew up in Washington, D.C. and has been common friends with IBANEZ.

13. Ms. Gibbs stated that IBANEZ entered her branch alone and met with Gibbs in her office. IBANEZ told Gibbs that his mother was in the hospital at the time, but was in the process of applying for a home equity line of credit. Ms. Gibbs stated that IBANEZ presented a single sheet of paper that had the signature "Hilda Ibanez" already affixed to the document. Ms. Gibbs notarized the Power of Attorney document for IBANEZ and he left the bank.

14. On Monday, July 25, 2005, Postal Inspectors contacted IBANEZ's former girlfriend by telephone at her place of employment. She indicated that she dated IBANEZ for over five years and that they were living together at xxxxxxxxxxxxxx Washington, D.C., when the relationship ended. The former girlfriend stated that IBANEZ told her that his mother was going to help them with living expenses and bills. She stated that on July 28, 2004, she deposited a check from Hilda Ibanez's Bank of America checking account for $16,552.00 into her IDB-IIC Federal Credit Union checking account in Washington, D.C. IBANEZ's former girlfriend stated that IBANEZ never had a bank account and she handled the finances and handled all the bills. She stated that IBANEZ started looking for a vehicle at that time. On August 10, 2004, IBANEZ's former girlfriend obtained a certified check for $9,400.00 that was drawn from her personal checking account. She stated that IBANEZ purchased a 2000 Jeep Cherokee from an individual in Maryland using the certified check.

## LEGAL BASIS FOR SEIZURE

15. Based on the foregoing, there is probable cause to believe that RENE IBANEZ has engaged in acts of bank fraud in violation of 18 U.S.C. § 1344 and acts of money laundering in violation of 18 U.S.C. § 1956 (a)(1)(B)(i).

16. In addition, given the foregoing facts and circumstances, there is probable cause to believe that the 2000 Jeep Cherokee (VIN No.1J4GW58N2YC241914) is subject to seizure and forfeiture pursuant to 18 U.S.C. § 981 because the property was purchased with the proceeds of a bank fraud in violation of 18 U.S.C. § 1344. The property is further subject to forfeiture pursuant to 18 U.S.C. § 1956(a)(1)(B)(i) because it was purchased with the proceeds of a specified unlawful activity, to wit: bank fraud; and those proceeds were used to conduct a financial transaction, the purpose of which was to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of that specified unlawful activity.

WHEREFORE, your affiant requests the issuance of a seizure warrant for the 2000 Jeep Cherokee vehicle bearing VIN No. 1J4GW58N2YC241914.

FURTHER THIS AFFIANT SAYETH NOT.

_____

James Smith

U.S. Postal Inspector


Sworn to and Subscribed before me this _____ day of August, 2005


_____

United States Magistrate Judge